UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILBERT WINCHESTER,**<br>Plaintiff,<br>v.<br>**OAKLAND HOUSING AUTHORITY,**<br>Defendant. | Case No.  4:19-CV-2653-YGR<br><br>**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the pretrial conference held on July 30, 2021, for good cause shown, the Court enters the following orders:

1. **Trial Date and Schedule:**   The trial of this matter is rescheduled to proceed in Courtroom 1 of the federal courthouse in Oakland, California.  Jury selection shall begin at beginning at **9:00 a.m.** on **Monday, December 6, 2021**.  All remaining trial days shall begin at **8:30 a.m.**  Opening statements will commence on **Tuesday, December 7, 2021**. Counsel shall arrive in court each day early enough to proceed promptly at **8:00 a.m**.  Trial schedule will be Monday through Friday, from **8:30 a.m.** to **1:30 p.m.** with two fifteen-minute breaks.  Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Sidebars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

2. As the trial date approaches, additional protocols may be ordered for public health and safety reasons given COVID-19.

3. The Oakland courthouse has an attorney lounge which is open and available.  This lounge is

1  not monitored. Two conference rooms exist which can be reserved by lawyers for any trial in the courthouse on a first-come, first-serve basis by contacting Odile_Hansen@cand.uscourts.gov.

4. The parties shall each be afforded six (6) hours to present their case, including opening statements and closing arguments. The parties shall receive daily timesheets advising of the time remaining. Any concerns must be raised immediately or will be waived.

5. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the pretrial conference, namely those on Docket Numbers 103 and 104. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order. The Court will allow Julius Scott to be called as a witness so long as he sits for a deposition no later than **September 17, 2021**.

6. **Exhibits and Exhibit Lists:** The parties are limited to using the exhibits submitted on the list filed for the pretrial conference, namely those on Docket Number 105. The Court will allow the parties to add responses to requests for admissions. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. By **November 5, 2021,** the parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

7. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so. The parties shall provide a proposed form of order with any requests to bring equipment into the courthouse. Otherwise, the U.S. Marshals will not allow such equipment.

8. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

9. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

10. **Jurors and Peremptory Challenges:**  The Court will seat a total of seven (7) jurors and no alternates.  The Court sets the number of peremptory challenges at three (3).  *Batson* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.

11. **Introductory Jury Instructions**: In general, the Court will give Model Instructions 1.3, 1.5-1.21, 2.2, 2.4, 2.11-2.16, and 3.1–3.5 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition).

12. **Opening Statements:**  Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial.  Any objections not resolved must be filed in writing by the Thursday before trial.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

13. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

14. **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

15. **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.  The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript.  Delivery of the transcripts shall occur no later than **November 5, 2021**.

16. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

17. **Video Depositions at Trial:**  A video deposition may only be shown after the designations, counter-designation and objections are resolved.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial.  In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played.  The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

18. **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Further, and as explained, time does not stop while waiting for witnesses to arrive in Court.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

19. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

20. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

21. **Punitive Damages:**  If the jury will be asked to consider punitive damages, the following additional orders apply:
    a. Defendant shall have all relevant financial data in Court in a sealed envelope once trial begins;
    b. Counsel shall have all witnesses who will be called to testify regarding the financial

status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

d. The punitive phase of the trial will be bifurcated from the underlying liability stage as discussed further below.

22. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** four weeks prior to the commencement of the trial, however, as soon as is known is best. *See* https://www.cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/.

23. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

24. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. Counsel may approach their own non-hostile witnesses without permission. During *voir dire* counsel will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. Counsel may not linger in the jury room or use any exit door other than the one leading to the courtroom.

25. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

26. **Standard Motions *in Limine*:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

27. **Motions *in Limine***: Having carefully considered the pending motions *in limine* ("MIL") submitted by the parties and for the reasons stated on the record at the July 30, 2021 Pretrial Conference, the Court **HEREBY ORDERS** as follows:

    a. Plaintiff's MILs 1, 2, 3, and 4 to exclude references to unrelated prior criminal acts, conduct, and/or convictions of plaintiff and Julius Scott for (1) the sale of drugs, (2) the possession of drugs, and (3) conduct involving violent acts are **GRANTED IN PART AND DENIED IN PART**. Federal Rule of Evidence 609 permits impeachment with prior convictions for felonies (or for any crimes involving moral turpitude) if less than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Thus, convictions that are more than 10 years old are excluded. Moreover, while convictions for violent acts and for the sale of a controlled substance involve moral turpitude, convictions for the mere possession of a controlled substance do not. Thus, convictions for the mere possession of controlled substance, even if less than 10 years old, are also excluded.

    b. Plaintiff's MIL 5 to exclude references to unrelated prior criminal acts, conduct, and/or convictions of plaintiff's family members for the sale or possession of drugs is **GRANTED** as unopposed.

    c. Plaintiff's MIL 6 to exclude all testimony of defendant's expert Edward Obayashi is **DENIED** to the extent that the Court instructed defense counsel at the conference. Otherwise, the MIL is **GRANTED**.

    d. Defendants' MIL 1 to exclude testimony of plaintiff's police expert Roger Clark and his Rule 26 expert is **DENIED** to the extent that the Court instructed plaintiff's counsel at the conference. Otherwise, the MIL is **GRANTED**.

    e.  Defendant's MIL 2 to exclude the incident report and affidavit of probable cause prepared by Officer Ward is **GRANTED**. The incident report and affidavit prepared by Officer Ward are classic hearsay and therefore not admissible. However, the documents may be used in the context of an examination.

    f.  Defendants' MIL 3 to exclude all evidence and reference to the fact that the Alameda County District Attorney's Office dismissed the criminal complaint against plaintiff before any motion to suppress the evidence was ever presented is **GRANTED IN PART AND DENIED IN PART**. If the jury finds in favor of plaintiff during the liability phase, then the Court may permit evidence as to events following the arrest during the damages phase of the trial. However, there will be no evidence or argument as to events beyond the arrest during the liability phase.

    g.  Defendants' MIL 4 to exclude as real or demonstrative evidence plaintiff's pants that he wore during the subject incident is **GRANTED** as no measures were taken to preserve the evidence to be in same state as they existed at the time of the incident.

    h.  Defendants' MIL 5 to exclude testimony of Julius Scott is **PROVISIONALLY GRANTED**. Plaintiff failed to comply with his Rule 26 obligations. Thus, the motion is well-taken. However, in the interests of justice, the Court will deny the motion if Mr. Scott sits for deposition by the deadline set above in Paragraph 4.

    i.  Defendants' MIL 6 to exclude evidence, testimony, and reference to the death of Julius Scott's family member or that, prior to Office Ward's contact with plaintiff and Mr. Scott, plaintiff was consoling Mr. Scott due to this death is **DENIED** as premature until Mr. Scott sits for a deposition and counsel's confirmation as to who died. However, because the nature of the communications between plaintiff and Mr. Scott at the time of the incident may be relevant, the Court is not inclined to limit testimony to defendant's sanitized version of the evidence, i.e., a conversation about a "personal affair."

28. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the

witness's entire testimony.

29. **Jury Instructions and Verdict Forms**: The Court understands that the parties have agreed on the proposed jury instructions. The parties are directed to meet and confer and file two different sets of the proposed jury instructions: the first set to be read prior to evidence and the second set to be read following the presentation of evidence. The draft instructions should be edited for verb tense *and* presented in the order to be read to the jury. In addition, the trial will proceed in three phases: liability, damages, and punitive damages. Thus, the parties are directed to file three sets of proposed verdict forms corresponding with each phase. Editable copies of the proposed jury instructions and verdict forms should also be emailed to chambers.

30. The Court shall set a final pretrial conference at a later date.

This Order terminates Docket Numbers 74, 75, 76, 77, 78, 79, 81, 82, 83, 84, 85, 86, 87, 88, 89, and 102.

**IT IS SO ORDERED.**

Dated: August 16, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**