UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILBERT WINCHESTER,**<br>Plaintiff,<br>v.<br>**ADAM WARD, MUANG MAY SAETEURN, DAVID CACHE,**<br>Defendants. | Case No.  4:19-CV-2653-YGR<br><br>**PRETRIAL ORDER NO. 4 RE: CAPTION, JURY INSTRUCTIONS AND SELECTION, AND OTHER UPDATES** |

**TO ALL PARTIES OF RECORD:**

1. The caption in this case shall be modified to reflect the dismissal against Oakland Housing Authority.  (*See* Dkt. No. 59, Order Granting in Part Motion for Summary Judgment.)

2. The Court has reviewed the parties' proposed jury instructions which fail to include any instructions with respect to the liability of defendants Saeturn and Cache.  Proposed instructions shall be filed no later than two hours before tomorrow's proceedings on December 2, 2021.  Given the lack of clarity on this topic, **the Court advances tomorrow's conference to 8:00 a.m.**

3. In anticipation of tomorrow's jury trial, the Court will forward today by email the basic questionnaire responses which all jurors in the District now complete under COVID-19 protocols. The Court will also send a complete alphabetical list and the first two pages of the random list. Please be advised that Round 1 of questioning will be of the first 15 prospective jurors on the random list, **re-sorted alphabetically.**

In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but . . . may not communicate directly or through another with a juror or potential juror."  A party "may not, either personally or through another, send an access request to a juror's electronic social media.  An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule

3.5(b)." Further, to the extent that a party asks any follow-up questions to a prospective juror during *voir dire* regarding information obtained from the review, the party shall disclose the review to the juror.

4. To date the parties have not advised the Court with respect to the vaccination status of **each person** who will be present in the courtroom, including lawyers, parties, witnesses, and any one else known to be attending. The information shall be provided **by the close of business today** by sending an email to ygrchambers@cand.uscourts.gov.

IT IS SO ORDERED.

Dated: December 2, 2021

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE